```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                    HOUSTON DIVISION
```

| | | |
|---|---|---|
| VAN SETH BELL, § | | |
| TDCJ-CID NO. 638126, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v.       § | CIVIL ACTION NO. H-06-2993 | |
| § | | |
| NATHANIEL QUARTERMAN, § | | |
| § | | |
| Respondent. § | | |

**MEMORANDUM OPINION AND ORDER**

Van Seth Bell, a TDCJ-CID prisoner, filed a petition for a writ of habeas corpus alleging that he was improperly denied time credit after his parole was revoked. The respondent, Nathaniel Quarterman, has filed a motion for summary judgment. The court will grant the motion.

**I. Relevant History**

Bell was found guilty of first degree burglary of a habitation with intent to commit theft and was sentenced to fifteen years in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). State v. Bell, No. 627642 (179th Dist. Ct., Harris County, Tex., Aug. 26, 1992) See State Habeas Record, submitted Jan. 11, 2007. A procedural history of any appeal is not necessary because Bell does not challenge the validity of the actual conviction. Instead, his petition concerns a dispute over time credits that were denied pursuant to parole revocations after his trial court judgment and sentence.

Bell was granted parole on November 1, 1993, but his parole was later revoked due to a violation without new criminal charges, and he was returned to prison on February 29, 1996.  See Exhibit A, at 5-6. Bell was paroled again on July 13, 2000, and was again revoked on July 13, 2005.  This time the violation involved a new criminal conviction, felony aggravated assault with a two-year sentence.  State v. Bell, No. 1010154 (180th Dist. Ct., Harris County, Tex., Mar. 2, 2005).  See Exhibit A, at 1-4.  Bell is ineligible for mandatory supervision under this offense.  See TEX. GOVT. CODE § 508.149(a)(7) (prisoner may not be released on mandatory supervision if he is serving a sentence pursuant to . . . the provisions of TEX. PENAL CODE 22.02 [Assault]).

Bell filed two Time Dispute Resolution (TDR) forms with the TDCJ Classification and Records Office (CRO) on May 11, 2005, and January 24, 2006.  See Docket Entry No. 12, Exhibit B, at 2. The CRO filed a response to the first TDR form on January 24, 2006, and to the second TDR form on May 12, 2006.  In both instances, the CRO denied the TDR appeal and stated that there was no error in the time calculations.  Id.

On June 23, 2006, Bell filed a state application for a writ of habeas corpus challenging the denial of street-time and good-time credits.  The Texas Court of Criminal Appeals denied the application without a written order.  Ex parte Bell, No. 65,380-01 (Tex. Crim. App. Aug. 16, 2006).  The federal habeas petition was

2

filed on September 19, 2006, the date he apparently gave the petition to prison officials for mailing to this court. See Sonnier v. Johnson, 161 F.3d 941, 945 (5th Cir. 1998); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998).

## II. Claims

Bell raises the following claims regarding the denial of time-credits following revocation of his parole. They are set forth chronologically as follows:

1. Bell was denied street-time credit for the time he spent on parole from November 1, 1993, to February 29, 1996.

2. Bell was denied good-time credit during his prior period of incarceration from February 29, 1996, to July 13, 2000.

3. Bell was denied street-time credit for the time he spent on parole from July 13, 2000, to July 13, 2005.

## III. Arguments

Quarterman argues that Bell's petition is time barred pursuant to 28 U.S.C. § 2244(d), which imposes a one-year period of limitation on habeas claims. Quarterman points out that Bell's first revocation occurred on February 29, 1996, and that Bell did not file his first TDR until May 11, 2005. He also notes that the second revocation occurred on July 13, 2005. Quarterman contends that the administrative TDRs do not toll the limitations period because they are not proper state court proceedings under 28 U.S.C. § 2244(d)(2). Quarterman further contends that Bell's state habeas

application does not toll the limitations period because it was filed in 2006, well after the expiration of the limitations period.

Apart from time limitations, Quarterman contends that the petition should be dismissed because Bell has not shown that he has been deprived of a right secured by the Constitution or federal law. In support of his argument Quarterman presents records (Docket Entry No. 12, Exhibit A) showing that since Bell is not eligible for release under mandatory supervision under Texas law, he is not entitled to credit for street-time or good-time.

## IV. Analysis

This habeas proceeding is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The intent of the AEDPA is to prevent federal habeas "retrials" and to ensure that state-court convictions are given effect to the extent possible under the law, Bell v. Cone, 122 S.Ct. 1843, 1849 (2002), by limiting the scope of collateral review and raising the standard for federal habeas relief. Robertson v. Cain, 324 F.3d 297, 306 (5th Cir. 2003).

Under the AEDPA, federal relief cannot be granted on claims adjudicated on the merits in state court unless the state adjudication was (1) contrary to clearly established federal law as determined by the Supreme Court, or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court. Williams v. Taylor, 120 S.Ct. 1495, 1519 (2000),

4

citing 28 U.S.C. §§ 2254(d)(1) and (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Court's precedent. Early v. Packer, 123 S.Ct. 362, 365 (2002). A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. Williams, 120 S.Ct. at 1520, 1523. In deciding whether a state court's application was unreasonable, this court considers whether the application was objectively unreasonable. Id. at 1521.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state-court proceeding. Miller-El v. Cockrell, 123 S.Ct. 1029, 1041 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and

convincing evidence.  28 U.S.C. § 2254(e)(1); <u>see</u> <u>also</u> <u>Miller-El</u>, 123 S.Ct. at 1036.

In addition, federal habeas petitions that challenge state court judgments and sentences are subject to a one-year limitation period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

A. <u>Statute of Limitations</u>

Bell's first claim concerns loss of street time pursuant to the 1996 revocation.  The habeas challenges presented in this

action occurred after Bell's conviction became final.  Moreover, they concern prison administrative issues that are distinct from his trial or any appeal of his trial.  Therefore, the provisions of 28 U.S.C. § 2244(d)(1)(D) apply in determining whether the challenges are timely.  Kimbrell v. Cockrell, 311 F.3d 361 (5th Cir. 2002) (prison disciplinary hearing).

The first revocation occurred on February 29, 1996.  Through reasonable diligence, Bell would have known that he was denied the time credits at issue.  See Id. at 363-64.  However, the AEDPA time requirements were not enacted until April 24, 1996.  Federal courts have accorded a one-year grace period for habeas challenges concerning matters that occurred before AEDPA's enactment. Flanagan v. Johnson, 154 F.3d 196, 200 n.2 (5th Cir. 1998). Consequently, Bell had until April 24, 1997, to challenge the alleged wrongful denial of time credits after the first revocation. See Sonnier, 161 F.3d at 944.  Bell took no official action regarding the first revocation until he filed his TDR appeals in 2005.  His administrative actions and his subsequent state habeas application are too remote in time to have any tolling effect in this proceeding.  Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).  Consequently, Bell's first claim concerning his 1996 parole revocation will be dismissed as time-barred.

Bell's second and third claims stem from his second parole revocation, which occurred on July 13, 2005.  Although Bell's

administrative grievances did not affect the date of the factual predicate, they did toll the federal habeas limitations period. Kimbrell, 311 F.3d at 363-64.  Moreover, it is well established that a prisoner challenging a prison administrative decision must exhaust proper channels before seeking relief in the courts. See Baxter v. Estelle, 614 F.2d 1030, 1031-32 (5th Cir.1980); Lerma v. Estelle, 585 F.2d 1297, 1298 (5th Cir. 1978).  From the records presented by Quarterman (Docket Entry No. 12, Exhibit B), it appears that Bell's time credit disputes were under consideration by the TDCJ-CID administration until May 12, 2006.  Docket Entry No. 12, Exhibit B, at 2.  He filed his state habeas application on June 23, 2006, less than six weeks later.  The application was denied on August 16, 2006, and the current petition was filed on September 19, 2006, less than a month later.  This record precludes dismissing Bell's second and third claims on the basis of time limitations.

    B.    Good-Time Forfeiture

Bell's second claim concerns the forfeiture of good-time credits accrued between February 29, 1996, and July 13, 2000; this was the period of incarceration before he was paroled for the second time.  As a prisoner, Bell does not have a state or federal right to good-time credit.  Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997).  All Texas prisoners must abide by certain conditions when they are given a conditional release before serving

their entire sentence. TEX. GOVT. CODE § 508.154 (West 2005). Under Texas law, good-time credits are forfeited whenever a prisoner violates the guidelines of his conditional release. TEX. GOVT. CODE § 498.004 (b) (West 2005). Texas prisoners have not had a protected right to accumulate good-time since 1977. Hallmark v. Johnson, 118 F.3d 1073, 1079 (5th Cir. 1997), citing TEX. CIV. STAT. art. 6181-1, § 4 (West 1979). See also TEX. GOVT. CODE § 498.003 (a) (West 2000) ("Good conduct time is a privilege and not a right."). The grant and forfeiture of good-time credit is a matter of state law and is not a constitutional issue. Turner v. Johnson, 46 F.Supp.2d 655, 669-70 (S.D. Tex. 1999). Therefore, Bell's forfeiture of good-time claim is not actionable and shall be dismissed.

C. Street-Time Forfeiture

Bell's final claim concerns the forfeiture of time spent while he was on parole from July 13, 2000, to July 13, 2005. In general, a prisoner does not have a constitutional or federal right to be credited with time served while on parole. Morrissey v. Brewer, 92 S.Ct. 2593, 2600 ( 1972) ("If a parolee is returned to prison, he usually receives no credit for the time 'served' on parole."); Morrison v. Johnson, 106 F.3d 127, 129 n.1 (5th Cir. 1997) (requiring defendant to serve the entire remaining portion of his sentence after revocation of parole does not violate multiple punishment prong of double jeopardy clause); Newby v. Johnson, 81

9

F.3d 567, 569 (5th Cir. 1996) (petitioner's challenge to loss of credit for street-time served on parole was meritless).

The following Texas statute applies to parole revocations that have occurred after September 1, 2001:

> (b) If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation.
>
> (c) If the parole, mandatory supervision, or conditional pardon of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation. For a person who on the date of issuance of the warrant or summons is subject to a sentence the remaining portion of which is less than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for an amount of time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.

Tex. Govt. Code Ann. § 508.283 (West 2005).

Section 508.283 applies to Bell's second revocation, which occurred on July 13, 2005. Section 508.149 of the Texas Government Code lists those offenses that preclude inmates from receiving credit for street-time after their parole has been revoked pursuant to section 508.283. First degree burglary of a habitation with

intent to commit theft (Tex. Penal Code § 30.02) is included. TEX. GOVT. CODE ANN. § 508.149(a)(13) (West 2005). Consequently, neither federal law nor state law affords Bell an entitlement to restoration of his street-time which was forfeited after his parole revocation. Therefore, the third claim will be dismissed.

## V. Certificate of Appealability

Under 28 U.S.C. § 2253, Bell needs to obtain a certificate of appealability before he can appeal this Memorandum and Order dismissing his petition. A Certificate of Appealability may be issued only if Bell makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2); Williams v. Puckett, 283 F.3d 272, 276 (5th Cir. 2002). To make such a showing, Bell must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. Lucas v. Johnson, 132 F.3d 1069, 1073 (5th Cir. 1998). See also Morris v. Dretke, 379 F.3d 199, 204 (5th Cir. 2004). For the reasons stated in this Memorandum Opinion and Order, Bell has not made a substantial showing of the denial of a constitutional right. Newby, 81 F.3d at 569.

## VI. Conclusion and Order

The court **ORDERS** the following:

1. The Respondent's motion for summary judgment (Docket Entry 12) is **GRANTED**.

11

2.   This action is **DISMISSED**, with prejudice.

3.   A Certificate of Appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this 22nd day of June, 2007.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE